UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BURK HOLDING CO., INC.<br>Plaintiff | * | CIVIL ACTION No.  2:22-cv-03503 |
| | * | |
| | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | |
| MT. HAWLEY INSURANCE COMPANY | * | MAGISTRATE: |
| Defendants | * | |
| | * | DEMAND FOR JURY TRIAL |

* * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

COMES NOW, Burk Holding Co., Inc., though undersigned counsel, and respectfully represents:

## PARTIES

1.

Plaintiff, Burk Holding Co., Inc. ("Burk"), is a Louisiana corporation with its principal place of business in the Parish of Orleans, State of Louisiana.

2.

Made defendant herein is Mt. Hawley Insurance Company ("Mt. Hawley"), a foreign insurance company organized under the laws of the State of Delaware with its principal place of business in Peoria, Illinois, which is authorized to do and doing business in the State of Louisiana.

## JURISDICTION & VENUE

3.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

4.

Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is situated in the Eastern District of Louisiana and the damages were sustained in the Eastern District of Louisiana.

**FACTS**

5.

At all times relevant hereto, Burk owned the commercial property located at 4176 Canal Street, New Orleans, Louisiana, 70119 (the "Property").

6.

Mt. Hawley issued a policy of insurance to Burk insuring the Property with policy number MCP0171397 and a policy period of July 1, 2021 to July 1, 2022 (the "Policy").

7.

On or about August 29, 2021, Hurricane Ida caused significant damage to the Property, including but not limited to damage to the HVAC cooling tower, damage to the exterior and interior of the building, and damage to a shed and fencing.

8.

Burk promptly reported the extensive damage and related loss of business income to Mt. Hawley, to which it assigned claim number 00501278 (the "Ida Claim").

9.

Mt. Hawley retained an engineer who completed a site inspection of the Property on October 7, 2021.

10.

By letter dated January 11, 2022, Mt. Hawley denied that the Policy covered the interior water damage or Burk's loss of business income; but, it accepted coverage for the damage to the HVAC system, stating, "The damage to the rooftop HVAC equipment is covered under this claim[.]"

11.

Although an engineer inspected the Property on behalf of Mt. Hawley on October 7, 2021 and it accepted that the damage to the HVAC system was covered by the Policy in writing on January 11, 2022, not until March 2022 did Mt. Hawley obtain an estimate to repair/replace the HVAC system.

12.

The estimate it obtained to repair/replace the HVAC system, however, was inadequate and did not accurately account for the full extent of damage to the Property's HVAC system or the scope of work required to repair/replace the same. Mt. Hawley issued payments totaling $239,699 based upon its inadequate and late estimate.

13.

Burk, at its own expense, retained engineers to inspect the Property and to prepare an estimate to repair/replace the HVAC system. The estimate obtained by Burk to repair/replace the HVAC system was more than $1 million. Burk provided Mt. Hawley with a copy of the estimate, which Mt. Hawley rejected as being too high by letter of June 15, 2022.

14.

By the same June 15, 2022 letter, Mt. Hawley reiterated its position that neither the interior water damage nor Burk's loss of business income was covered by the Policy.

15.

On August 15, 2022, representatives of Burk and Mt. Hawley met at the Property. On August 23, Burk provided Mt. Hawley with updated documentation with updated costs for the repair/replacement of the HVAC system and related expenses.

16.

By letter dated September 22, 2022, Mt. Hawley again rejected the estimate obtained by Burk as being too high. Instead, based on an updated, yet still inadequate estimate, Mt. Hawley stated it would be issuing an additional payment in the amount of $54,615 for the repair/replacement of the HVAC system. Mt. Hawley's September 22 letter again reiterated its position regarding Burk's claims for interior damage and loss of business income.

17.

To date, despite having been provided with satisfactory proof of loss, Mt. Hawley has grossly underpaid the claim for damage to the Property's HVAC system and improperly denied coverage for interior and exterior damage, fence and shed damage, and loss of business income.

18.

As a result of Mt. Hawley's underpayment and partial denial of Burk's Ida Claim, Burk has been unable to make meaningful repairs to the Property, resulting in additional consequential damages as a result of Mt. Hawley's breach, including but not limited to extensive mold growth due to the unreplaced HVAC system.

## COUNT I
## BREACH OF THE INSURANCE CONTRACT

19.

The allegations contained in paragraphs 1-18 above are re-alleged and adopted here by reference.

4

20.

At all times material hereto, an insurance contract, *i.e.*, Policy, existed between Burk and Mt. Hawley, which provided coverage for the Ida Claim.

21.

Burk performed all conditions precedent required of it under the Policy, including but not limited to giving Mt. Hawley prompt notice of its Ida Claim and granting Mt. Hawley access to inspect the Property and any records on numerous occasions.

22.

Despite having satisfactory proof of loss, Mt. Hawley failed to timely tender adequate payment for covered losses as required of it by the Policy.

23.

Mt. Hawley's failure to timely provide adequate payment for losses covered by the Policy constitutes a breach of the insurance contract.

24.

Burk has sustained and will continue to sustain additional consequential damages because of Mt. Hawley's breach of the insurance contract.

**COUNT II**
**BAD FAITH**

25.

The allegations contained in paragraphs 1-24 above are re-alleged and adopted here by reference.

26.

The actions and/or inactions of Mt. Hawley in failing to adequately compensate Burk for the covered losses under the Policy were arbitrary, capricious, and without probable cause as those terms are used in connection with La. R.S. §§ 22:1892 and 22:1973, making Mt. Hawley liable for statutory bad faith penalties.

27.

Under La. R.S. § 22:1973, an insurer owes a duty of good faith and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly. Failing to pay a claim in a manner that is arbitrary, capricious, or without probable cause is a violation of La. R.S. § 22:1973.

28.

Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause is a violation of La. R.S. § 22:1973.

29.

La. R.S. § 22:1892 imposes penalties on an insurer who fails to adequately pay claims following satisfactory proof of loss within thirty days or fails to make a written offer to settle any property damage claim with thirty days after satisfactory proof of loss.

30.

Mt. Hawley is in violation of La. R.S. §§ 22:1892 and 22:1973 for failing to provide Burk timely, adequate payment or a written offer to settle in connection with the Ida Claim despite having received satisfactory proof of loss following its own inspection(s) of the Property and after Burk provided Mt. Hawley independent proofs and documentation of the loss from qualified

professionals. Mt. Hawley's failure to timely tender adequate payment or make a written offer to settle was arbitrary, capricious, and without probable cause.

31.

Likewise, Mt. Hawley's failure to timely, fully, and fairly adjust Burk's claim was a breach of its duty of good faith and fair dealing making Mt. Hawley liable to damages, penalties, and attorneys' fees pursuant to La. R.S. § 22:1973.

32.

Mt. Hawley's violations of La. R.S. §§ 22:1892 and 22:1973 render it liable to Burk for extra-contractual damages.

**DAMAGES**

33.

The allegations contained in paragraphs 1-32 above are re-alleged and adopted here by reference.

34.

As a result of Mt. Hawley's breach of the insurance contract and violations of La. R.S. §§ 22:1892 and 22:1973, Burk has sustained the following non-exclusive consequential damages:

    a.   Actual, temporary, emergency, and increased repair and remediation costs;

    b.   Loss of use;

    c.   Loss of business income;

    d.   Consequential damages;

    e.   Extra expenses;

    f.   Inconvenience;

    g.   Penalties, attorneys' fees, and costs under La. R.S. §§ 22:1892 and 22:1973;

h.  Attorneys' fees and costs of this litigation;

i.  Legal interest; and

j.   Any and all other damages that are shown through discovery and proven at trial;

35.

Burk requests a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, Burk Holding Co., Inc., prays that Defendant, Mt. Hawley Insurance Company, be served with a copy of this Complaint and be duly cited to appear and answer the same, and that after the expiration of legal delays and due proceedings, there be a judgment in favor of Plaintiff and against Defendant in an amount that will fully compensate Plaintiff for its damages pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, for all costs of these proceedings, and for all general and equitable relief.

Dated: September 27, 2022                    Respectfully submitted,

/s/ *Jeffrey A. Clayman*
H. Minor Pipes, III, 24603
Jeffrey A. Clayman, 30442
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, LA 70163
Telephone: 504-322-7070
Facsimile: 504-322-7520
mpipes@pipesmiles.com
jclayman@pipesmiles.com

*Counsel for Plaintiff, Burk Holding Co., Inc.*